UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN CAPANNARI, et al.,** | ) | Case No. 1:13-CV-00883 |
| | ) | |
| Plaintiffs | ) | Judge Michael R. Barrett |
| | ) | Magistrate Stephanie K. Bowman |
| v. | ) | |
| | ) | |
| **GLEN GALEMMO, et al.,** | ) | |
| | ) | |
| Defendants | ) | |

**RESPONSE IN OPPOSITION OF KRISTINE GALEMMO TO THE UNITED STATES' REQUEST FOR 60 DAYS TO INVESTIGATE POSSIBLE CLAIMS TO INTERPLEADED FUNDS**

Kristine Galemmo ("Mrs. Galemmo") filed a motion for the release of interpleaded funds and for an expedited hearing on the motion on June 11, 2014. [Doc. #64]. In the motion for release of the interpleaded funds, Mrs. Galemmo explained the emergency nature of the relief sought and the reasons therefor.  While the motion seeks the release of the entirety of the released funds – funds which even if released would be subject to a temporary restraining order – the motion requested, if not the release of the entirety of the funds, a partial return of funds for the purpose of paying attorneys' fees so that she may pursue her claim to the funds at issue.  As explained in the motion, absent the release of funds sufficient to engage counsel to pursue her claim to the funds, the very injustice she seeks to remedy (the withholding of funds) shall have the effect of rendering her unable to challenge this injustice.  For the reasons outlined in the motion for release of funds, depriving Mrs. Galemmo not only of funds rightfully hers but of the ability to challenge this deprivation is contrary to law and to basic notions of fundamental fairness.

{00014597.1}

The United States now seeks to delay the expedited resolution of this critical issue by requesting that the Court grant it 60 days to investigate the United States' possible interest in the funds at issue. [Doc. #69]. The United States asserts that "it may wish to intervene, file a statement of interest pursuant to 28 U.S.C. § 517, or take other appropriate legal action with regard to Defendant Rugged Power Investments, LLC's ("RPI") Motion for Interpleader and the funds at issue in that Motion." [Doc. #69]. In requesting 60 days to investigate, the United States claims to have first become aware of the funds at issue in the interpleader action on Friday June 13, 2014 [Doc. #69]. The stated basis for the United States' possible interest in the funds is that, to paraphrase, the government has reason to believe that Kristine Galemmo's ownership interest in RPI was derived from funds acquired by her husband, Glen Galemmo, through the operation of a Ponzi scheme. [Doc. #69].

The United States' Motion and the basis therefor as stated therein is, in a word, shocking. Contrary to the government's representation in its Motion, the United States has been aware of RPI and distributions issued therefrom since at least August 2013. In August 2013, the undersigned (representing Glen Galemmo, Mrs. Galemmo's husband, in connection with his plea to federal criminal wire fraud charges and his cooperation with law enforcement in connection therewith) participated in a proffer session at the U.S. Attorney's Office in Cincinnati, Ohio. Present at the meeting were: Glen Galemmo, AUSA Emily Glatfelter, Special Agent Elizabeth Shorten (IRS – Criminal Investigations), and the undersigned counsel. At this meeting, in the course of the proffer session, Mr. Galemmo informed AUSA Glatfelter and Special Agent Shorten of the existence, origins, and structure of RPI. In the undersigned's experience, notes of such proffer sessions are taken and memorialized by the government in the form of agency

reports; doubtless the notes and memoranda of the government representatives present at the proffer session reflect the discussion of RPI.

In light of the above, for the government to claim now – nearly a year later – to have only recently learned of RPI and distributions in connection therewith is, simply stated, absurd.  Not only was the government aware of RPI and distributions therefrom, it examined the very issue it now claims it needs 60 days to "investigate" and determined that it had no interest in the distributions.  What's more, the distributed funds now at issue are – by all accounts – funds that derive from the business activity of RPI in the period *after* the criminal conduct to which Mr. Galemmo has pleaded guilty.  In short, the government (1) has known about RPI for over a year; (2) knew that there were distributions from RPI; (3) "investigated" the government's potential interest in those distributions; and (4) determined that it had no such interest.  Accordingly, its request for 60 days to (re)investigate that which it has already investigated should be summarily denied.

The fact is, Mrs. Galemmo has suffered and continues to suffer extreme prejudice on account of being deprived the funds at issue.  The family's resources have been completely exhausted as a consequence of the forfeitures in connection with Mr. Galemmo's criminal case and Mrs. Galemmo's small salary as a schoolteacher has made it difficult for her to meet her basic needs and those of her five children While the various parties' claiming an interest in the funds may reasonably disagree as to their entitlement to the funds, it cannot be reasonably disputed that granting Mrs. Galemmo a prompt and expedited hearing on the issue of the release of the funds (or release of part of the funds, so that Mrs. Galemmo at least has means to continue to pursue her right to the funds) is eminently fair.  Granting the Motion of the United States – a motion that is premised on incorrect facts and that seeks an inordinate length of time to

"investigate" that which they have not only already "investigated" but in fact passed upon – denies Mrs. Galemmo this opportunity.

Granting such an expedited hearing and rendering a decision on the release of part or all of the funds does not impact the other claimants in the least. It is a measured, fair request. The United States' Motion for 60 days' delay is unsupported neither by fact nor law and, accordingly, should be denied. Mrs. Galemmo reiterates the emergency nature of the modest relief she seeks – an expedited hearing on the issue of at least part of the withheld funds, to pay her accumulating legal expenses – and renews her request for a hearing on the issue at the Court's earliest convenience, or, in the alternative, for an order forthwith directing the release of a portion of the funds for payment of legal expenses only.

Respectfully submitted,

*/s/ Angela Hayden*
Benjamin G. Dusing (0078572)
Angela M. Hayden (0070557)
Jason C. Kuhlman, Esq. (0074316)
THE LAW OFFICES OF BENJAMIN G. DUSING, PLLC
50 East RiverCenter Blvd., Suite 820
Covington, KY  41011
(513) 322-1900 – Telephone
bdusing@bgdlaw.com
ahayden@bgdlaw.com
jkuhlman@bgdlaw.com

Counsel for Kristine Galemmo

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                */s/ Angela Hayden*
                                                Angela Hayden