# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN CAPANNARI** *et al.,* | : | **Civil Action No. 1:13-cv-0083** |
| | : | |
| **Plaintiffs,** | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie Bowman** |
| | : | |
| **v.** | : | |
| | : | |
| **GLEN GALEMMO,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

---

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into on this ___day of December  2015, by  John Capannari, John A. Anderson and Kevin Eickmann (the "Plaintiffs"), on behalf of themselves and the Class (as defined below), and Defendants James L. Perry Trust, ASL Properties, Inc., and James L. Perry, individually and in his capacity as trustee of the Defendant James L. Perry Trust (referred to together as the "Perry Defendants") (Plaintiffs and Perry Defendants shall be referred to as the "Parties"), and, subject to approval by the Court, resolve, discharge, and settle all claims by Plaintiffs and the Class against the Perry Defendants fully, finally, and forever according to the terms and conditions set forth below.

## RECITALS

**WHEREAS,** prior to July 17, 2013, Glen Galemmo ("Galemmo") purported to be an investment advisor providing investment services to persons and entities;

611278v2

**WHEREAS,** on or about July 17, 2013, Galemmo notified his investors that his businesses had ceased operation and subsequent investigations revealed that Galemmo had perpetrated a scheme to defraud his investors;

**WHEREAS,** Plaintiffs, individuals who invested more money with Galemmo than was distributed to them, enter into this Settlement Agreement on behalf of themselves individually and all members of the Class, as defined below;

**WHEREAS,** Plaintiffs allege that the Perry Defendants received distributions from Galemmo and/or the Galemmo Defendants and/or the Galemmo Entities, as those terms are defined in the Second Amended Class Action Complaint for Violations of Federal Securities Laws; State Laws; and Damages; and Verified Limited Liability Company Member Derivative Complaint, which was filed in *Capannari, et al. v. Galemmo, et al.*, Case No. 1:13-cv-00883 (the "Litigation") on November 24, 2014, in the United States District Court for the Southern District of Ohio (Western Division) ("Second Amended Complaint"), in excess of the amount they invested with or otherwise provided to him and/or them;

**WHEREAS,** the Perry Defendants deny these allegations;

**WHEREAS,** the Litigation was commenced with the filing of a Complaint on December 3, 2013, and has since been twice amended;

**WHEREAS,** Plaintiffs filed a Motion for Class Certification pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 23 (b) (1) (A), 23 (b) (1) (B) , 23 (b) (2) and 23 (b) (3) on June 12, 2014;

**WHEREAS,** Counsel for Plaintiffs and counsel for the Perry Defendants have engaged in extensive discovery and settlement discussions which have resulted in this Settlement Agreement;

2

**WHEREAS,** the pleadings and discovery in this and related actions have revealed the existence of contested issues of fact and law, as well as issues relating to the collectability of any judgment which might or might not be obtained;

**WHEREAS,** the Perry Defendants deny any liability or wrongdoing, whether asserted in the Second Amended Complaint or otherwise and wish to enter into this Settlement Agreement solely for the purpose of settling and compromising the claims of the Plaintiffs and the Class and to avoid the time, expense, and distraction that continued litigation would involve;

**WHEREAS,** counsel for Plaintiffs have made an investigation into the facts and circumstances relevant to the allegations made against the Perry Defendants in this action and believes that counsel have achieved a valuable and fair settlement and compromise of the claims asserted by Plaintiffs individually and on behalf of the Class;

**WHEREAS,** counsel for Plaintiffs also have evaluated the expense and length of time necessary to prosecute this case against the Perry Defendants through trial, taking into account the uncertainties of predicting the duration or outcome of complex litigation as well as the collectability of any judgment which may be obtained; and

**WHEREAS,** based upon consideration of all these factors and the terms of this Settlement Agreement, counsel for Plaintiffs have concluded that it is desirable and in the best interest of Plaintiffs and the Class to settle with the Perry Defendants as set forth in this Settlement Agreement, which will result in substantial immediate benefits to Plaintiffs and members of the Class;

**NOW, THEREFORE,** in consideration of the foregoing, which shall be deemed an integral part of this Settlement Agreement, the Settlement Fund (as defined below) and other covenants and agreements set forth in this Settlement Agreement, including, but not limited to,

3

the payments, releases, and dismissal with prejudice of all claims in the Litigation against the Perry Defendants, their shareholders, officers, employees, agents, heirs, successors, and trustees, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows.

## AGREEMENT

**II.** **Definitions**

In addition to terms defined elsewhere in this Settlement Agreement, the following defined terms used in this Settlement Agreement have the meanings described below.

**2.01** "Class" means all persons and entities, individually and collectively, who invested money in or through Galemmo, Galemmo Defendants and/or Galemmo Entities from January 1, 2002 to July 26, 2013, and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal).

**2.02** "Class Counsel" means the law firms of Cummins & Brown, LLC and Strauss Troy Co. LPA.

**2.03** "Class Member" means a member of the Class.

**2.04** "Class Notice" means the notice of this Settlement Agreement mailed to Class Members.

**2.05** "Effective Date" means the date by which (i) the Settlement Agreement is finally approved in all respects by the Court, (ii) a Final Approval Order as described in section 2.07 below has been entered, and (iii) the time for appeal from such entry of the Final Approval Order shall have expired without the filing of a timely notice of appeal or, if one or more appeals are taken, the date by which such appeal(s) shall have been finally determined by the highest court

before which appellate review is sought and upon such final appeal, the Final Approval Order is affirmed in all respects.

**2.06** "Final Hearing" means the hearing at which the Court will consider any objections to the Settlement Agreement and hear evidence and legal argument in support of, or in opposition to, entry of the Final Approval Order.

**2.07** "Final Approval Order" means the judgment entered by the Court in accordance with Rule 23, approving this Settlement Agreement.

**2.08** "Preliminary Approval Motion" means a motion jointly requesting that the Court preliminarily approve this Settlement Agreement and enter the Preliminary Approval Order.

**2.09** "Preliminary Approval Order" means the order entered by the Court preliminarily approving the terms and conditions of this Settlement Agreement and the manner of providing notice to the Class.

**2.10** "Preliminary Hearing" means the hearing set by this Court in advance of the Final Settlement Hearing to review this Settlement Agreement and all issues related thereto in order to determine on a preliminary basis whether the proposed settlement meets criteria pursuant to Rule 23.

**2.11** "Settled Claims" means all claims that are or could have been asserted by Plaintiffs and/or members of the Class against the Perry Defendants, their shareholders, officers, employees, agents, heirs, successors, and trustees, and any Subsequent Transferee(s) (as defined below) of the Perry Defendants arising out of or in any way relating to Galemmo, the Galemmo Defendants, and/or the Galemmo Entities; any investment with or monies provided Galemmo, the Galemmo Defendants, and/or any of the Galemmo Entities; and/or any distribution to or on behalf of the Perry Defendants (or any of the Perry Defendants) from Galemmo, the Galemmo

Defendants, and/or any of the Galemmo Entities, including but not limited to, any and all manner of actions and causes of action, suits, obligations, claims, debts, demands, agreements, promises, covenants, contracts, payments, transfers, liabilities, controversies, costs, expenses and attorneys' fees, of any nature whatsoever, in law or in equity, whether known or unknown, foreseen or unforeseen, matured or unmatured, accrued or not accrued, direct or indirect, which Plaintiffs and the Class Members, or any of them, ever had, now have or can, shall or may hereafter have, against the Perry Defendants (or any of them), their shareholders, officers, employees, agents, heirs, successors, and trustees, either alone or in combination with others, arising from or relating to any of the Perry Defendants' involvement with, relationship to, or receipt of funds from Galemmo, the Galemmo Defendants, and/or any of the Galemmo Entities. The term "Settled Claims" shall not include any person or entity other than the Perry Defendants, their shareholders, officers, employees, agents, heirs, and trustees, except as expressly set forth in this section 2.11. Subsequent Transferee has the meaning provided in the Uniform Fraudulent Transfer Act. The release of any Subsequent Transferee(s) provided in this Section 2.11 extends only to claims arising from or related to any transfer from any of the Perry Defendants, and is limited to the amount of such transfer, and does not release any other claims of the Class against any Subsequent Transferee, including but not limited to any such claims arising from or related to any direct transfer or payment to any Subsequent Transferee from Galemmo, the Galemmo Defendants, and/or the Galemmo Entities.

**2.12** "Settlement Fund" means the monetary sum identified in section 4.01 below. The amount of the Settlement Fund will be held in the Strauss Troy Trust Account for the settlements in this case and in *James T. Uren, et al. v. William Scoville, et al.*, Case No. A1406892 (Hamilton Cty. C.P.), and *Cynthia Khoo-Robinson, et al. v. Michael Willner, et al.*, Case No.

A1401348, (Hamilton Cty. C.P.). The court has approved a joint plan of allocation for distribution of these funds to the Class. These funds shall satisfy the Perry Defendants' monetary obligations under this Settlement Agreement immediately upon the Effective Date, except that the Perry Defendants shall not be required to make any payment hereunder prior to January 7, 2016.

**III.  Compromise of Disputed Claims.**

This Settlement Agreement is a compromise of disputed claims. Neither this Settlement Agreement, nor any action taken by the Perry Defendants in furtherance of this Settlement Agreement, is intended to be, or should be construed to be, an admission or concession by the Perry Defendants of liability to the Plaintiffs or the Class, collectively or individually. The Parties do not intend for this Settlement Agreement, or the terms of the Settlement Agreement, to be admissible in any subsequent proceeding in this case, or in any other lawsuit, arbitration, administrative action, or any judicial or administrative proceeding involving Galemmo, the Galemmo Defendants, and/or the Galemmo Entities if offered to show, demonstrate, evidence, or support a contention of wrongdoing by the Perry Defendants or any other Party.

**IV.  Settlement and Release.**

**4.01**  Upon the Effective Date, the Perry Defendants shall pay the amount of one hundred fifty thousand dollars ($150,000.00) into the Settlement Fund. Class Counsel shall hold that amount for the benefit of the Class, subject to the provisions of Article V below. If the Effective Date is on or before December 31, 2015, the Perry Defendants shall not make this payment before January 7, 2016.

**4.02**  Payment of the $150,000.00 into the Settlement Fund, as described in section 4.01, shall be the only financial obligation of the Perry Defendants, their shareholders, officers,

employees, agents, heirs, successors, and trustees. They shall have no other liability or responsibility of any kind to the Plaintiffs, Class Members, or Class Counsel for payment of funds to Plaintiffs, Class Members, attorneys' fees, court costs, settlement administration costs, division or amounts of distributions between Class Members, or any other thing or matter on account of or related to the settlement provided by this Settlement Agreement. The Settlement Fund may be used to pay for the costs of Notice of Settlement that will be sent to the Class.

4.03 Upon the Effective Date and payment of the amount set forth in section 4.01 above, Plaintiffs and all Class Members (except as set forth in section 6.06 of this Settlement Agreement) and their respective heirs, executors, administrators, representatives, agents, successors, and assigns, shall be deemed to (and by operation of the judgment in the Final Approval Order shall) fully, finally, and forever release and forever discharge the Settled Claims. Payment of the amount set forth in section 4.01 above shall discharge all obligations of the Perry Defendants to Plaintiffs and the Class, individually and collectively.

**V. Administration and Distribution of the Settlement Funds**

5.01 The Settlement Fund will be distributed, pursuant to order(s) of the Court and subject to Court-approved deductions for attorneys' fees, expenses and administration costs (the "Net Settlement Fund"), to Plaintiffs and members of the Class. No distributions of the Settlement Fund will be made for any reason without a plan of allocation for the distribution of the Net Settlement Fund being approved by the Court. The Perry Defendants shall have no responsibility or obligation concerning distribution or division of the Net Settlement Fund among Plaintiffs, Class Members or Class Counsel.

5.02 Class Counsel will request reimbursement of expenses, and costs for settlement administration from the amounts deposited and interest accrued on the Settlement Fund, in an

8

amount to be determined by the Court. Additionally, Plaintiffs and Class Counsel will file a motion with this Court for approval of payment of attorneys' fees in an amount to be determined by the Court. Plaintiffs may also suggest that the Court award an appropriate amount as an incentive payment to them as Class representatives to compensate them for their time and reward their dedication towards the resolution of this case. The Perry Defendants shall have no responsibility for or in connection with any fee request or fee award and the Perry Defendants' sole obligation shall be to pay the amount set forth in section 4.01 above.

   **5.03**   After the Effective Date, any dispute relating to the processing of claims, the administration of the settlement, the identity of Class Members, or their entitlement to relief will be addressed first by counsel for Plaintiffs and, if there is no resolution, shall be submitted to the Court for resolution. The Perry Defendants shall have no responsibility whatsoever regarding the resolution of any dispute relating to the processing of claims and/or the administration of the settlement.

**VI.**   **Procedure for Preliminary and Final Approval**

   **6.01**   As soon as practical after the execution of this Settlement Agreement by all of the Parties, their respective counsel shall jointly file a copy of the executed Settlement Agreement with the Preliminary Approval Motion requesting that the Court enter the Preliminary Approval Order. The Parties and their respective counsel shall in good faith support the prompt entry of the Preliminary Approval Order and undertake any and all reasonable efforts that in good faith are appropriate or necessary to obtain the Court's preliminary approval of this Agreement.

   **6.02**   Upon entry of the Preliminary Approval Order, Class Counsel shall provide notice of this Settlement Agreement, by: (A) mailing, by first-class United States mail, postage prepaid, a copy of the Notice, to members of the Class at their last known address and by sending a copy

of the Notice by email to the extent such email addresses are known; (B) serving a copy of the Class Notice on all counsel of record in the cases consolidated before this Court concerning Galemmo, the Galemmo Defendants, and the Galemmo Entities; and (C) providing a copy of the Class Notice to counsel of record in any cases against Galemmo, the Galemmo Defendants, and/or the Galemmo Entities, including the class action case currently pending in the Hamilton County, Ohio Court of Common Pleas, and all related cases. The cost of the Notice will be paid out of the Settlement Fund.

6.03    If the Court enters the Preliminary Approval Order, that Order shall represent the Court's finding that the foregoing constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice of the proposed Settlement Agreement and the Final Hearing.

6.04    Any Class Member who wishes to object to this Settlement Agreement must timely file a written objection ("Objection") on or before the deadline set forth in the Class Notice. The Objection shall include a statement of the net loss sustained by the person(s) objecting. Any Class Member who does not timely submit an Objection which complies with the requirements set forth in the Class Notice, or otherwise as ordered by the Court, shall not be treated as having filed a valid Objection to the settlement provided by this Agreement. Only timely Objections shall be considered by the Court at the Final Hearing. Untimely objections are forever waived.

6.05    Any Class Member may attend the Final Hearing. No Class Member will be permitted to raise any objections at the Final Hearing that the Class Member could have raised in an Objection but did not.

**6.06** Class Members may elect to "opt out" of this Settlement Agreement and thus exclude themselves from this case, the Class, and the terms of this Settlement Agreement. The Class Notice advises of this right. Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the deadline set forth in the Class Notice. Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Settlement Class.

**6.07** Plaintiffs and the Class expressly acknowledge that, in providing the benefits to the Class set forth in this Settlement Agreement, the Perry Defendants intend to achieve (a) a full and complete settlement, compromise, resolution, release and termination of all litigation disputes, and differences of any kind between the releasing parties and the released parties with respect to the matters within the scope of the Settled Claims and (b) the dismissal of this action with prejudice. Accordingly, either the Plaintiffs or the Perry Defendants shall have the right to terminate this Settlement Agreement if Class Members holding claims alleged to aggregate more than $300,000 of net losses opt out of the Settlement Agreement. If Plaintiffs or any of the Perry Defendants elect to exercise this right, they must do so in writing, with copies to opposing counsel and to the Court, no later than 5 calendar days before the date set by the Court for the Final Hearing. If either Plaintiffs or any of the Perry Defendants exercise this right, this Settlement Agreement shall be null and void for all purposes. Plaintiffs' counsel shall immediately provide counsel for the Perry Defendants with any "Opt Out" notices from Class Members so that the Perry Defendants can exercise their right to terminate this Settlement Agreement if they so choose.

**6.08** At the Final Hearing, Plaintiffs, Class Counsel and counsel for the Perry Defendants will request that the Court enter the Final Approval Order, substantially in the form

11

attached hereto as Exhibit C or as otherwise agreed to by the Parties.  The Parties and their counsel shall in good faith support the entry of the Final Approval Order and shall undertake any and all efforts that in good faith are appropriate or necessary to obtain the Final Approval Order. Among other things, the Final Approval Order will approve the terms of this Settlement Agreement as final, fair, reasonable, and adequate and binding on the Parties and all Class Members.  In addition, the Final Approval Order will dismiss the action with prejudice, but provide that the Court retains jurisdiction over all matters relating to the interpretation and enforcement of this Settlement Agreement, and the distribution of the Settlement Fund.

     **6.09**    If (A) the Court declines to enter a Preliminary Approval Order or Final Approval Order as described herein, (B) the Effective Date does not take place within 6 months of the date of the filing of this Settlement Agreement (or 18 months if there is any appeal of a Final Approval Order by this Court), or (C) if either Plaintiffs or any of the Perry Defendants elect to terminate the Settlement Agreement as provided in 6.07, then the Settlement shall be null and void, shall have no further force and effect with respect to any Party in this case or any Class Member, and neither the Settlement Agreement nor any of its terms shall be used in this case or any other case for any purpose.  All negotiations, proceedings, and statements made in connection herewith shall be without prejudice to any person or party, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in this case or in any other action or proceeding.

12

**VII.** **Miscellaneous Provisions**

    **7.01**    All Parties to this Settlement Agreement agree to reasonably cooperate in seeking Court approval of the Settlement Agreement and to use their best efforts to affect consummation of the Settlement Agreement.

    **7.02**    All of the exhibits to this Settlement Agreement are an integral part of this Settlement Agreement and part of the contract of the Parties to this Settlement Agreement

    **7.03**    This Settlement Agreement may be executed in one or more counterparts, all of which together shall be one and the same instrument.

    **7.04**    This Settlement Agreement and its terms shall be governed by the law of the State of Ohio.

    **7.05**    The Court shall retain jurisdiction with respect to enforcement of the terms of the Settlement Agreement.

    **7.06**    This Settlement Agreement, including all exhibits, constitutes the entire, final, and fully-integrated agreement of the Parties with respect to the subject matter hereof. This Settlement Agreement may not be modified or amended except in writing signed by each of the Plaintiffs and the Perry Defendants and any other attempted manner of modification shall be void (and not merely voidable).

    **7.07**    This Settlement Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

    **7.08**    This Settlement Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto
have caused the Settlement Agreement to be executed.

DATED: 1/4/        , 2015

By: _____
JOHN CAPANNARI
Plaintiff and Class Representative

DATED: _____, 2015

By: _____
JOHN A. ANDERSON
Plaintiff and Class Representative

DATED: _____, 2015

By: _____
KEVIN BICKMANN
Plaintiff and Class Representative

DATED: DECEMBER 31 2015

By: _____ (TRUSTEE)
JAMES L. PERRY TRUST
Defendant

By: _____ (PRESIDENT)
ASL PROPERTIES, INC.
Defendant

DATED: DECEMBER 31, 2015

By: _____
JAMES L. PERRY
Defendant

DATED: DECEMBER 31, 2015

By: _____
JAMES L. PERRY, Trustee of the
James L. Perry Trust
Defendant

DATED: DECEMBER 31, 2015

39718

14

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED:_____, 2015     By:_____
                                                   JOHN CAPANNARI
                                                   Plaintiff and Class Representative

DATED: 4 JANUARY, 2015     By:_____
                                                   JOHN A. ANDERSON
                                                   Plaintiff and Class Representative

DATED:_____, 2015     By:_____
                                                   KEVIN EICKMANN
                                                   Plaintiff and Class Representative

DATED: DECEMBER 31 2015     By:_____ (TRUSTEE)
                                                   JAMES L. PERRY TRUST
                                                   Defendant

                                      By:_____ (PRESIDENT)
                                                   ASL PROPERTIES, INC.
                                                   Defendant

DATED: DECEMBER 31, 2015     By:_____
                                                   JAMES L. PERRY
DATED: DECEMBER 31, 2015                                                    Defendant

DATED: DECEMBER 31, 2015     By:_____
                                                   JAMES L. PERRY, Trustee of the
                                                   James L. Perry Trust
                                                   Defendant

39718

14

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED:_____, 2015        By:_____
                                         JOHN CAPANNARI
                                         Plaintiff and Class Representative


DATED:_____, 2015        By:_____
                                         JOHN A. ANDERSON
                                         Plaintiff and Class Representative


DATED: 1/4        2016, 2015        By:_____
                                         KEVIN EICKMANN
                                         Plaintiff and Class Representative


DATED: DECEMBER 31 2015            By:_____ (TRUSTEE)
                                         JAMES L. PERRY TRUST
                                         Defendant


                                    By:_____ (PRESIDENT)
                                         ASL PROPERTIES, INC.
DATED: DECEMBER 31, 2015                 Defendant


DATED: DECEMBER 31, 2015           By:_____
                                         JAMES L. PERRY
                                         Defendant


DATED: DECEMBER 31, 2015           By:_____
                                         JAMES L. PERRY, Trustee of the
                                         James L. Perry Trust
                                         Defendant


39718

14