IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN CAPANNARI, *et al*. | : | CASE NO. 1:13-cv-883 |
| Plaintiffs, | : | (Judge Michael R. Barrett) |
| | | (Magistrate Judge Stephanie Bowman) |
| v. | : | |
| GLEN GALEMMO, *et al*. | : | |
| Defendants | : | |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENTS
AS TO THE PERRY DEFENDANTS, THE TENEYCK DEFENDANTS, AND
THE SHELBY/JOB DEFENDANTS, AND ATTORNEYS' FEES AND EXPENSES**

Lead Plaintiffs' Counsel, on behalf of the Settlement Class Representatives and the Settlement Class, ("Plaintiffs" or "Class Representatives") and Defendants James L. Perry Trust, ASL Properties, Inc., and James L. Perry, individually and in his capacity as trustee of the James L. Perry Trust (referred to together as the "Perry Defendants"), Kirk TenEyck and Marbank Company, an Ohio corporation d/b/a Mars Manufacturing (referred to as the "TenEyck Defendants") and Luther Lynn Shelby and Christopher Job (referred to together as the "Shelby/Job Defendants") (all Defendants are collectively referred to as the "Settling Defendants") (Plaintiffs and Settling Defendants sometimes individually a "Party" and collectively the "Parties") seek final approval of the Class Action Settlement Agreements (the "Settlement Agreements"). Unless otherwise specified herein, all capitalized terms used in this Final Order Approving Class Action Settlements ("Final Approval Order") shall have the same meaning set forth in the Settlement Agreements. Based on the joint motion of the Parties, the terms of the Settlement Agreements, the filings in this case and the order dated March 23,2016

granting preliminary approval of the Settlement Agreements, scheduling a final fairness hearing and directing notice to the Class (the "Preliminary Approval Order"), the Court hereby FINDS and ORDERS as follows:

1. <u>Class Members</u>.  Pursuant to Federal Rule of Civil Procedure ("Rule" or "Rules") 23(a) and 23(b)(3), the Court preliminarily certified a settlement class consisting of:

> All persons and entities, individually and collectively, who invested money in or through Glen Galemmo or his affiliated entities from January 1, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal) (the "Class").

(the "Class"). The Class did and does satisfy all of the requires of Rule 23(a) because (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Class; and (4) the Class Representatives will (and did) fairly and adequately protect the interests of the Class. The Class did and does satisfy Rule 23(b) because questions of law and fact common to the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this action. Accordingly, the Class is hereby finally certified and confirmed for settlement purposes.

2. <u>Class Representatives and Class Counsel</u>. Pursuant to Rule 23, the Court appointed Plaintiffs John Capannari, John A. Anderson and Kevin Eickmann as the Lead Plaintiffs and the law firms of Cummins & Brown LLC and Strauss Troy Co., LPA as Lead Counsel for Lead Plaintiffs and the proposed Class, as set forth in the Court's Order of April 7, 2014. The Class Representatives and Class Counsel have fully, diligently, and adequately represented the Class.

3. <u>Class Notice</u>. The Preliminary Approval Order directed that Class Counsel provide written notice of the Settlement Agreements, in the form attached to the Memorandum In Support of Joint Motion For an Entry Of An Order Certifying A Settlement Class, Preliminary Approval of the Proposed Settlements, Approving Notice to the Class and Scheduling a Final Approval Hearing ("Approval Memorandum") as Exhibit A (the "Class Notice") to all members of the Class. The Court -- having determined that the Class Notice was provided to the Class and that it fully, reasonably, and fairly apprised the members of the Class of the pendency of this case, the terms of the proposed Settlement Agreements, and the rights of members of the Class concerning the proposed Settlement Agreements -- hereby finally approves the Class Notice. The form and method for notifying the Class of the settlements and their terms and conditions was in conformity with the Settlement Agreements and the Preliminary Approval Order. The Class Notice satisfied the requirements of Rule 23 and due process and constituted the best notice practicable under the circumstances.

4. <u>Jurisdiction</u>. As adequate notice has been disseminated and all Class Members have been provided an opportunity to opt-out of the Settlement Agreements, the Court has personal jurisdiction with respect to the claims of all members of the Class against Settling Defendants and has subject matter jurisdiction over this case.

5. <u>Final Fairness Hearing</u>. The Court set April 21, 2016 as the deadline for objections to the Settlement Agreements and held a final fairness hearing on April 28, 2016 (the "Fairness Hearing') to determine whether the proposed Settlement Agreements were fair, reasonable, and adequate, and should be finally approved. Notice of the Fairness Hearing was provided as part of the Class Notice.

6. <u>Objections and Exclusions</u>. Members of the Class were given an opportunity to opt-out of the settlements or object to the Settlement Agreements. These rights were detailed in the Class Notice, which fully, fairly, and reasonably explained the rights and the associated deadlines. No members of the Class objected to the Settlements and no members requested exclusion from the settlement.

7. <u>Final Settlement Approval</u>.  The terms and provisions of the Settlement Agreements have been entered into in good faith and are hereby fully and finally adopted and approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law. The Court further finds that the Settlement Agreements are fair and reasonable to the Class as a whole.  The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreements according to its terms and provisions, which are hereby incorporated into this Final Approval Order.

8. <u>No Admissions</u>. Neither this Final Approval Order nor the Settlement Agreements are, or should be construed as, an admission or concession by Settling Defendants of any liability or wrongdoing in this or any other proceeding.

9. <u>Binding Effect</u>. The terms of this Final Approval Order and the Settlement Agreements are binding on the Parties and all members of the Class, as well as their successors, heirs, and assigns.

10. <u>Release and Dismissal of Claims</u>. The Class Representatives, Class Members, and their successors, heirs, and assigns, are hereby permanently barred and enjoined from instituting or prosecuting, individually or as a class, any of the Settled Claims against Settling Defendants

and the Settled Claims are hereby fully, finally, and forever released, discharged, and dismissed with prejudice. Settling Defendants are hereby dismissed with prejudice as Settling Defendants in this action. Pursuant to 15 U.S.C. 78u-4(f)(7), as well as under common law and statutory law in this matter, the Court hereby enters a bar order constituting the final discharge of all obligations to the Plaintiffs, their Counsel, and the Class, arising out of the action, and likewise bar current and future claims for contribution or indemnity arising out of this matter: (i) by any person against the Settling Defendants; and (ii) by the Settling Defendants against any person, other than a person whose liability has been extinguished by the settlement of the Settling Defendants. Therefore, all pending cross-claims against the Settling Defendants shall be and are dismissed, with prejudice.

11. <u>Fees, Expenses, and Awards</u>. Class Counsel are awarded $151,237.00 in attorneys' fees, and $62,102.45 for reimbursement of their out-of-pocket expenses since the inception of the case.

12. <u>Disposition of Settlement Fund</u>. Other than any payment or awards authorized pursuant to paragraph 11 of this Final Approval Order, Class Counsel shall not distribute any portion of the Settlement Fund except in accordance with further orders of this Court. Class Counsel shall continue to communicate and coordinate with parties and counsel in other Galemmo-related litigation in order to distribute the Settlement Fund in a manner that treats Class Members fairly and consistently.

13. <u>Retention of Jurisdiction</u>. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreements and this Final Approval Order.

14. <u>Final Appealable Order</u>. The Court finds that there is no just cause for delay, and that this is and should be a final appealable order.

Dated: <u>April 29</u>, 2016          SO ORDERED.

                                    s/Michael R. Barrett
                                    _____
                                    Michael R. Barrett
                                    United States District Judge

045688.960.4402407.1