IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN CAPANNARI, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GLEN GALEMMO, et al.<br><br>Defendants. | Case No. 1:13-cv-883<br><br>(Judge Michael R. Barrett)<br>(Mag. Judge Stephanie Bowman) |

## **AGREED JUDGMENT**

Lead Plaintiffs John Capannari, John Anderson and Kevin Eickmann (together "Lead Plaintiffs") and Defendant Kristine Galemmo hereby agree, subject to the approval of this Court, to this Agreed Judgment to resolve the claims alleged against Defendant Kristine Galemmo in the above-captioned action.

**Recitals:**

On May 14, 2014, Lead Plaintiffs named Defendant Kristine Galemmo as a Defendant in the First Amended Complaint for Violations of Federal Securities Laws, State laws, and Damages, and Verified Limited Liability Company Member Derivative Complaint (Doc. #56).

Defendant Kristine Galemmo filed an Answer and filed an action in a related case to recover funds seized by the United States Government from Rugged Power Investments LLC. Kristine Galemmo has exhausted all remedies to recover such funds.

Defendant Kristine Galemmo provided to counsel for Lead Plaintiffs a verified current financial statement. Her verified current financial statement establishes that her only sources of income are from her current employment as a teacher in South Carolina, her supplemental employment as a dance instructor, and a number of sporadic "odd jobs" involving tutoring and other similar duties. She has no other sources of income, and she has no significant assets.

4. Lead Plaintiffs and Defendant Kristine Galemmo agree to the entry of the following:

    A. The Recitals are hereby incorporated into this Agreed Judgment.

    B. Judgment will be entered against Kristine Galemmo in the amount of $100,000.

    C. Plaintiffs shall not execute or garnish any wages that Defendant Kristine Galemmo earns at her places of employment nor attach any of the assets that she currently has to satisfy the Judgment. Further, Plaintiffs shall not execute nor attach any downpayment or newly acquired asset, such as a home, purchased by Kristine Galemmo in the future, provided that the newly acquired asset is encumbered by the security interest of a lender. Plaintiffs shall seek to satisfy this Judgment only from funds that may be paid to Defendant Kristine Galemmo from any other source (i.e. lottery winnings, inheritance, or other substantial source of funds).

    D. On an annual basis, Kristine Galemmo is to provide to counsel for the Plaintiffs: (1) a copy of her filed tax return; and (2) an updated verified financial statement. Plaintiffs are then permitted to conduct a follow up interview with Kristine

Galemmo, or submit written questions to Kristine Galemmo to answer, if there is a need for clarification or follow-up regarding any of the disclosed information. Plaintiffs will not seek to conduct a judgment-debtor examination of Kristine Galemmo as long as she provides the information described above.

    E.    This Judgment will expire 15 years from the date of its entry. Plaintiffs may move to re-open the Judgment only in the event of a discovered fraud or concealment of assets on the part of Kristine Galemmo during the pendency of the Judgment.

Agreed to this 14 day of March, 2018.

**Lead Plaintiffs:**

*/s/ John Capannari*
John Capannari

*/s/ John A. Anderson*
John A. Anderson

Kevin Eickmann

*/s/ Keith*

**Defendant:**

*/s/ Kristine Galemmo*
Kristine Galemmo

It is SO ORDERED this ___ day of _____, 2018.

Michael R. Barrett, Judge
United States District Court – S.D. Ohio

3